377 P.2d 783

**INTERMOUNTAIN ELECTRONICS, INC.,**
a corporation, Plaintiff and Appellant,

v.

**TINTIC SCHOOL DISTRICT,** a body corporate of the State of Utah, et al.,
Defendants and Respondents.

No. 9676.

Supreme Court of Utah.

Jan. 10, 1963.

Andrew John Brennan, Salt Lake City, for appellant.

George M. McMillan, Salt Lake City, James F. Housley, Udell R. Jensen, Nephi, for respondents.

CROCKETT, Justice.

Plaintiff sued to restrain defendants from installing a television (TV) translator

(booster) station to serve the residents of Juab County. From an order granting defendants' motion to dismiss, plaintiff appeals.

In May, 1955, plaintiff was granted a franchise by the town of Eureka, in Juab County, to construct and operate a community antenna television system, hereinafter referred to as CATV. Due to the fact that the micro waves which carry television signals travel in straight lines and do not follow the curvature of the earth as do radio waves, they are cut off by the curving earth's surface and can be picked up only at relatively short distances. The distance is extended, and this difficulty lessened, by transmission from high elevations and pickup by high antennas. Nevertheless, in Juab County, which is about 100 plus miles from the nearest TV broadcasting stations, at Salt Lake City, reception on private sets, even with high antennas, is poor to nonexistent. Following a system often used in such outlying areas, the plaintiff installed a master antenna on a mountain peak, ran a line from it down to the town of Eureka, and connected lines to homes of those who had signed contracts to pay a monthly rate for this service.

The legislature has recognized the wide appeal of television and the important place it has taken in the lives of our people. The 1957 session authorized school districts and counties to install facilities to make television signals available in outlying areas by amending Sec. 11–2–2, U.C.A.1953, to read as follows:

"Such local authorities * * * in areas so remote * * * that television reception is impossible without special equipment, and *adequate, economical and proper television is not available to the public by private sources,* * * * may equip and maintain television transmission and relay facilities * * *." (Emphasis added.)

On June 6, 1961, the Board of Commissioners of Juab County and the Board of Education of the Tintic School District, acting pursuant to the above statute, entered into an agreement with the defendant, TV Pix, Inc., for the latter to install a television translator station on Eureka Peak in Juab County. This differs from the plaintiff's CATV described above. It receives signals from the originating television stations; and with their consent, amplifies and rebroadcasts them to make them available to people in the whole surrounding area, which, incidentally, includes the town of Eureka.

In support of its application for an injunction to prevent the proposed project, the plaintiff sets forth these facts: that it has made a substantial investment in the CATV system; that it has the exclusive franchise from the town of Eureka; and

has numerous existing contracts with subscribers to its service; all of which constitute valuable property rights which will be destroyed and thus cause it irreparable injury if the defendants' plan is carried out. Supplementing this contention, plaintiff has also filed affidavits of some of its patrons which state that its service provides "adequate and economical television" to them. Wherefore, it contends that the conditions prerequisite to invoke the use of the above-quoted statute to establish television facilities are not present.

■ The fundamental question is whether the plaintiff asserts a valid basis for prohibiting the defendants from proceeding with the proposed project. To justify doing so, it is not sufficient that the plaintiff claim irreparable injury to its property, but there must be some actual or threatened violation of its rights by a wrongful act of the defendants. This problem was dealt with in the recent case of Jackson v. Harward, 9 Utah 2d 136, 137, 339 P.2d 1026 (1959). There this court rejected essentially the same contention as is presented here. The decision indicated that by his prior construction of a CATV system the plaintiff did not acquire any right which would prevent the defendants' subsequent installation of a booster station that in a sense paralleled plaintiff's service.

■ The electro-magnetic waves existing in the space above the earth which carry these TV signals are of such a nature that they obviously cannot be reduced to physical possession like real or personal property, or be put to an exclusive beneficial use like water. It would therefore be quite unrealistic to consider that property rights could vest as in those instances. The right to use this signal-carrying capacity cannot properly be regarded as so possessed, nor maintained, by any one person to the exclusion of others, unless it is affirmatively so prescribed or regulated by law.

In making the installation in the first place, the plaintiff must be deemed to have known that it could not arrogate to itself control of the atmosphere and prevent others who might desire to do so from also making use of it. Neither could it by contracting with the town of Eureka and some of its residents, who might thereby have adequate television, prevent the whole remainder of the County and the surrounding area from proceeding as authorized by law to establish television facilities for their use.

The trial court was correct in ruling that the plaintiff did not have any protectable right which was threatened with violation by a wrongful act of the defendants and properly dismissed the complaint.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and McDONOUGII, CALLISTER and WADE, JJ., concur.